IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated

    Plaintiff,

v.

AVERUS, INC.;
MICHAEL SHANK

    Defendants.

---

## CIVIL SCHEDULING ORDER FOR CLASS CERTIFICATION ONLY

---

This scheduling order is for the purposes of notice and class certification issues pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 only. The Court will hold a status conference following a final order on notice and class certification to consider further scheduling.

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

Date: 9/5/2014

**Counsel for Plaintiffs:**

**Edward Siegel
Alexander Hood
Towards Justice
601 16th St., Suite C #207
Golden, CO 80401
720-343-4464
Tel.: 720-239-2606
Fax: 303-957-2289**

1

Email: alex@towardsjustice.org
ed@towardsjustice.org

**Counsel for Defendants:**

**Antonio Caldarone**
**Laner Muchin, Ltd.**
**515 North State Street, Ste. 2800**
**Chicago, Illinois 60654**
**Telephone: (312) 467-9800**
**E-mail:** acaldarone@lanermuchin.com

**Amy L. Miletich**
**Brendan Benson**
**MiletichCohen PC**
**1660 Wynkoop, Suite 1160**
**Denver, Colorado 80202**
**Telephone: (303) 825-5500**
**E-mail: amiletich@mcpclaw.com**

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction over Plaintiff's federal claims in this matter pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and this Court has discretion to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' related contract and quasi contact claims under Colorado state law.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a.      Plaintiff(s):

The Named Plaintiff, Alfonso Avendano, and those similarly situated worked long hours cleaning kitchen hoods for the Defendants and their clients. They drove long distances between Defendants' clients to provide this service and were not compensated for all of the time they worked. Moreover, they frequently worked more than 40 hours in a week and they were not properly compensated with overtime. Here, Mr. Avendano and those similarly situated simply seek the compensation to which they are entitled for the hours they worked for Defendants.

As a result, the Named Plaintiff and those similarly situated are bringing claims under federal law and state law to recover their damages for these unpaid wages. Specifically, they allege a collective class under the Fair Labor Standards Act (29 U.S.C. §§ 201 et. seq.) and a FRCP 23 class for contract law violations.

### b. Defendant(s):

Defendants do not dispute that this Court has jurisdiction over Plaintiff's federal claims and may exercise supplemental jurisdiction over Plaintiff's state law claims. Defendants also agree that venue is proper in the U.S. District Court District of Colorado.

Defendants deny Plaintiff's state and federal claims seeking compensation for alleged "off-the-clock" work. Defendant maintained accurate and complete time records containing all the hours that Plaintiff worked, including compensable travel time, and Plaintiff signed his time sheets for each week acknowledging the hours worked as reflected on his time sheets were complete and accurate. To the extent Plaintiff performed compensable work not reflected on his time sheets, such work was not suffered or permitted by Defendants and without their knowledge, and any alleged violations of were not willful.

Additionally, Defendants dispute that notice should be sent out to the alleged collective class pursuant to 29 U.S.C. § 216(b) and dispute that a class should be certified pursuant to Fed. R. Civ. P. 23.

Defendants assert the following affirmative defenses:

1. Defendants cannot be liable under the Fair Labor Standards Act or for breach of contract to the extent Plaintiff worked in excess of 40 hours in any workweek within the statutory time period by allegedly working "off-the-clock" in violation of Averus' established policy that Averus records hours worked by employees and employees are required review and sign their time sheets to ensure that their time sheets contain an accurate accounting of all hours worked, which Plaintiff signed; therefore Plaintiff's alleged "off-the-clock" work was without the knowledge or sufferance of the Defendants.

2. Averus acted in good faith by creating and implementing timekeeping and payroll policies and procedures to properly compensate Plaintiff and other employees he seeks to represent for all hours worked, including recording hours worked by Plaintiff on a time sheet and providing Plaintiff with a copy of his time sheet each pay period containing the hours worked for each workweek in the pay period for Plaintiff to review, approve and sign, and Averus had reasonable grounds to believe that its alleged act or omission, if any, was not a violation of the FLSA, thereby precluding an award of liquidated damages or a finding of a willful violation of the FLSA.

3. Any claim brought beyond the applicable statute of limitations is time-barred.

4. To the extent Plaintiff claims that his time records were inaccurate, Plaintiff's claims for equitable relief in Count I are barred by the doctrines of waiver and/or estoppel in that he was responsible for accurately recording his own hours worked. Moreover, Plaintiff's claims for equitable relief in Count I are also barred by the doctrines of waiver and/or estoppel in that he failed to follow Averus' established policies, practices and procedures for the working and reporting of overtime and/or uncompensated work time.

5. Plaintiff's claims for equitable relief in Count I are barred by the doctrine of unclean hands, to the extent that Plaintiff violated Averus' established policy by allegedly performing overtime work "off-the-clock" without the required supervisory

3

pre-approval to work such overtime. Furthermore, Plaintiff's claims for equitable relief in Count I are barred by the doctrine of unclean hands to the extent that Plaintiff performed approved work, including overtime, and did not comply with Averus' policies, practices and procedures regarding recording and submitting time worked, including overtime.

6.    Plaintiff's claims are not appropriate to bring as a collective action and/or class action.

7.    Plaintiff has sustained no damages or *de minimis* damages, if any, which are not actionable under the FLSA.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff Avendano was employed by Defendant Averus, Inc. ("Averus") in Averus' Denver branch.

2. Occasionally, Plaintiff Avendano worked in excess of 40 hours in some workweeks for Averus.

3. Plaintiff was paid on an hourly basis.

4. During Plaintiff's employment with Averus, Inc., Defendant Shank was a Branch Manager of Averus' location in Colorado.

5. Plaintiff drove Averus-supplied vehicles to Averus customer sites to clean kitchen exhaust hoods. These vehicles contained equipment needed to perform their duties.

6. Averus has annual gross revenue of $500,000 or more and are an enterprise as defined by 29 U.S.C §203(s) (1).

7. At the time of Plaintiff's employment with Averus, Averus employed approximately at least 8 employees other than Plaintiff at its Colorado location.

8. Venue is proper is this forum.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiffs:

The Plaintiffs are unable to calculate their damages until they better understand the contours of the class and are able to study the Defendants' disclosures and conduct discovery. The Plaintiffs currently believe they will demand the following categories of damages, but reserve the right to demand additional damages:

1) Under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq),

4

unpaid overtime, unpaid minimum wage, statutory liquidated damages, and attorney's fees.
2) For breach of contract and or quasi contract, damages including
lost wages.
3) Additional damages determined through examination of
Defendants' disclosures and discovery.

### b. Defendants:

Defendants deny that Plaintiff is entitled to any of the damages identified above. If appropriate, Defendant will seek to recover any fees and/or costs pursuant to Fed. R. Civ. P. 11 and/or 54.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a. Date of Rule 26(f) meeting. **8/12/2014.**

b. Names of each participant and party he/she represented.
**Edward Siegel and Alexander Hood for the Plaintiffs
Amy L. Miletich, Brendan Benson, and Antonio Caldarone for the Defendants**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.
**On or before 8/26/2014. Defendants have served their Rule 26(a)(1) Disclosures. The Court granted Plaintiff until September 2, 2014 to serve his Rule 26(a)(1) Disclosures. Dkt. # 24.**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).
**None**

e. Statement concerning any agreements to conduct informal discovery:
**The parties have not agreed to conduct any informal discovery at this time. However, during the discovery in this case if it appears to all counsel that informal discovery would be productive they will discuss the potential for such informal discovery.**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.
**Counsel agree to cooperate and will utilize a unified exhibit numbering system and reduce discovery and litigation costs where possible and when appropriate.**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

5

The parties do not anticipate a significant amount of electronically stored information (ESI). Potential ESI could include pay records and other ESI in the possession custody or control of the respective parties that may be discoverable to the claims and defenses in this case.

    i.    steps the parties have taken or will take to preserve electronically stored information;
**The parties pledge in good faith to preserve all discoverable electronically stored information that is known to the parties based on the information available to the parties at this time or identified by one party to the other, and will preserve this information through any trial in this case.**

    ii.    steps the parties have taken or will take to facilitate discovery of electronically stored information;
**The parties agree in good faith to comply with the requirements of Fed. R. Civ. P. 26 as it pertains to the discovery of electronically stored information.**

    iii.    limit the associated discovery costs and delay;
**When necessary, and consistent with their obligations under Rule 26, the parties will in good faith discuss whether disclosure of ESI in electronic format is appropriate, including the format that ESI will be produced.**

    iv.    avoid discovery disputes relating to electronic discovery; and
**The Parties agree to act in good faith to facilitate the discovery of all discoverable ESI.**

    v.    address claims of privilege or of protection as trial-preparation materials after production of computer-generated records.
**The parties will maintain electronically stored information that is discoverable, but withheld due to privilege, through trial.**

h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.
**The parties believe that ADR may be helpful once disclosures have been exchanged. The parties will review the disclosures and work together to consider ADR.**

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a.    Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.
~~Before litigating the class certification issues, it is difficult~~ for

*[handwritten:]* 30 Interrogatories per side.
3 Depositions per side

~~the parties to anticipate the number of depositions that may be required. For purposes of conducting discovery relating to notice and certification issues under Fed. R. Civ. P. 216(b) and/or Fed. R. Civ. P. 23 only, the parties propose that each side will be limited to three (3) depositions and each side will be limited to serving thirty (30) interrogatories. However, the parties reserve the right, upon a showing of good cause, to request a modification to this limitation.~~

b. Limitations which any party proposes on the length of depositions.
For purposes of conducting depositions relating to notice and class certification issues pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 only, the parties propose that each side be entitled to <u>1</u> deposition <u>7 hours</u> in length and an additional <u>2</u> depositions each limited to <u>4 hours</u> in length.

c. Limitations which any party proposes on the number of interrogatories, requests for production, and/or requests for admission.
For purposes of conducting depositions relating to notice and class certification issues pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23 only, the parties do not request any modification to the presumptive limits (<u>25 requests for production, 30 interrogatories, and 25 requests for admission per side</u>). However, the parties reserve the right, upon a showing of good cause, to request a modification to this limitation.

d. Other Planning or Discovery Orders
**None.**

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: 20 Days ~~None~~ After Ruling on Any motion to Certify Class-216(b) or A Rule 23

b. Discovery Cut-off: motion for class certification

1/9/2015 ~~(126 days after the scheduling conference)~~ Whichever is Later.

c. Class Certification Motion Deadline:

**Plaintiff has filed a Motion to Certify Class, Equitably Toll Statute of Limitations, and Approve Notice pursuant to 29 U.S.C. § 216(b), which was filed prior to Defendants' appearance and answer in this case. The parties stipulate that Defendant's response to Plaintiffs' Motion shall be filed on or before September 19, 2014. All other Motions for Certification of a FLSA collective class or a FRCP 23 shall be filed on or before**

7

2/9/2015.

 d. Expert Witness Disclosure

  1. The parties shall identify anticipated fields of expert testimony, if any.

**The Plaintiffs anticipate using the expert testimony of economists or accountants, or experts in a related field, to interpret the Defendants' payroll records and related business records. The Plaintiffs also anticipate using expert in any area of expertise utilized by Defendants.**

  2. Limitations which the parties propose on the use or number of expert witnesses.

  **Each party shall be limited to 2 experts.**

  3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **11/21/2014 (7 weeks prior to the discovery cutoff)**

  4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **NONE**

 e. Identification of Persons to Be Deposed:

At this time, the parties have limited information and can identify few deponents other than Plaintiff, Defendant Mike Shank and a corporate representative of Defendant. As discovery progresses, the parties will identify the persons to be deposed within the limits of this Scheduling Order, and will work cooperatively together to appropriately schedule all depositions on dates on which both the deponent and counsel for all parties are available.

All parties shall be limited to **3 depositions**, with the time limits described above. All depositions shall be limited in scope to the issue of notice and/or class certification pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ P. 23.

 f. Deadline for Interrogatories: ~~All interrogatories must be served no later than 33 days prior to the discovery cut-off.~~ Served by December 5, 2014

 g. Deadline for Requests for Production of Documents and/or Admissions: ~~All requests for production of documents and requests for admission must~~ Served by December 5, 2014

8

~~be served no later than 33 days prior to the discovery cut-off.~~

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    Status conferences will be held in this case at the following dates and times:

*None set*

    b.    A final pretrial conference will be held in this case on _____ at ___ o'clock m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference. *None set*

## 11. OTHER SCHEDULING MATTERS

    a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.
        **None.**

    b.    Anticipated length of trial and whether trial is to the court or jury.
        **Plaintiff has demanded a jury trial. The parties are unable to anticipate the length of trial, because the length of a trial will depend on whether notice is issued pursuant to 29 U.S.C. § 216(b) or a class is certified pursuant to Fed. R. Civ. P. 23, and the size of such class. The parties will be able to more accurately anticipate the length of a trial after notice and class issues are decided, and after the size of the class/number of persons who opt-in is determined.**

    c.    Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado; or the U.S. Courthouse/Federal Building, 103 Sheppard Drive, Durango, Colorado.
**None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the

9

moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

### 13. AMENDMENTS TO SCHEDULING ORDER

**This scheduling order may only be amended upon a showing of good cause.**

DATED at Denver, Colorado, this 5th day of September, 2014.

BY THE COURT:

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

APPROVED:

/s/Alexander Hood
Alexander Hood
Towards Justice
601 16th St., Suite C #207
Golden, CO 80401
720-343-4464
Tel.: 720-239-2606
*Counsel for Plaintiff*

/s/ Antonio Caldarone

Amy L. Miletich
MiletichCohen PC

10

1660 Wynkoop, Suite 1160
Denver, Colorado 80202
Telephone: (303) 825-5500
Email: amiletich@mcpclaw.com

Antonio Caldarone
Laner Muchin, Ltd.
515 North State Street, Ste. 2800
Chicago, Illinois 60654
Telephone: (312) 467-9800
E-mail: acaldarone@lanermuchin.com

*Counsel for Defendant*