**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated,

    Plaintiff,

v.

AVERUS, INC., and
MICHAEL SHANK,

    Defendants.

---

**ORDER GRANTING UNOPPOSED MOTION TO APPROVE FLSA OPT-IN NOTICE AND SET SERVICE DEADLINES**

---

This matter is before the Court on Plaintiff's Unopposed Motion to Approve Fair Labor Standards Act (FLSA) Opt-In Notice and Set Service Deadlines. (Doc. # 65.) The instant Motion indicates the parties have conferred and agreed to a notice and opt-in form (Notice) for service on the opt-in FLSA class members, which was attached to the instant Motion. (Doc. # 65-1.)

For classes certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure,[1] "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through

---

[1] Plaintiff has moved for class certification under both Rule 23(b)(3) (Doc. # 69) and 29 U.S.C. § 216 of the Fair Labor Standards Act (Doc. # 70).

reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).  Rule 23(c)(2)(B) also requires that such notice clearly and concisely state in plain, easily understood language:

> (i)   the nature of the action;
> (ii)  the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv)  that a class member may enter an appearance through an attorney if the member so desires;
> (v)   that the court will exclude from the class any member who requests exclusion;
> (vi)  the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

The Court has carefully reviewed the Notice and finds all of the (applicable) Rule 23(c)(2)(B) requirements satisfied.  Specifically, because this is an "opt-in" class (rather than an "opt-out"), Rule 23(c)(2)(B)'s provisions requiring an explanation about exclusions from the action do not apply, nor do class members require an explanation of the "binding effect of a class judgment."  *See Turner v. Chipotle Mexican Grill, Inc.*, No. 1:14-CV-02612-JLK, 2015 WL 4979770, at *5 (D. Colo. Aug. 21, 2015) (citing Scott A. Moss, Nantiya Ruan, The Second-Class Class Action: How Courts Thwart Wage Rights by Misapplying Class Action Rules, 61 Am. U. L. Rev. 523, 549 (2012)) ("In Rule 23 class actions, similarly situated individuals are represented by the representatives of the class and are bound by the result unless they opt out of class membership.  In FLSA collective actions, by contrast, only those who opt in have a stake in the litigation, and those who fail to do so neither participate nor benefit from any favorable ruling.")

The instant Motion indicates that "Plaintiff's counsel will only require 7 days after receiving the class list to mail the Notice [i.e., 11/6/2015], and the parties have agreed on a deadline of 63 days from mailing for the class members to respond to the Notice

[i.e., 1/8/2016]. This 1/8/2016 response deadline is reflected in the text of the Notice." (Doc. # 65 at 2.) These suggested dates have passed and are no longer applicable; as such, the Court will change them, as described below, pursuant to the parties' agreement.

Accordingly, the Court APPROVES the proposed Notice (Doc. # 65-1) and ORDERS as follows:

1. If they have not already done so, Defendants shall provide Plaintiff's counsel with the names and all last known contact information for the class members by 12/7/2015;

2. Plaintiff shall serve the approved Notice and claim form by mail on all class members on or before 12/11/2015, and shall alter the date on the Notice by which class members must submit their opt-in form to be 63 days from the date of Plaintiffs' service of the Notice forms. Plaintiff's counsel shall notify Defendant's counsel when it serves the Notice.

DATED: November 30, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge