**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated

      Plaintiff,

v.

AVERUS, INC. *et al.*

      Defendants.

---

**JOINT MOTION FOR APPROVAL OF FLSA OPT-IN NOTICE AND CONSENT TO
JOIN, OUTLINING AGREEMENTS AND DISAGREEMENTS AMONG THE PARTIES**

---

In its 9/29/2016 Order conditionally certifying a nationwide FLSA class in this case [ECF Doc. 91] the Court ordered the parties to jointly submit a proposed notice for distribution to the newly certified FLSA class within 14 days, or by 10/13/2016. The Court stated: "If the parties cannot agree on joint language, the parties are ordered to submit, simultaneously and within fourteen days of the date of this order, their respective proposed notice with a brief explaining the scope of their disagreement and the legal support for their respective proposed language." ECF Doc. 91 at 32. The Plaintiffs' subsequently requested a two day extension so that Defendants could consider Plaintiffs' proposal for electronic submission of the opt-in form. ECF Doc. 94.

The parties have agreed on the substance of the notice and consent to join forms (together, the "Notice") and have largely agreed on the method of service of the Notice, with one exception: sending the Notice by text message. The parties outline their areas of agreement and disagreement below.

1

## I.   AREAS OF AGREEMENT

The parties **have agreed** on the language and form of the proposed notice and consent to join forms (together, the "Notice"), attached as Exhibit A, and on these other issues surrounding the distribution of the Notice:

- The Defendants shall have **14 days** from any order granting this motion to provide Plaintiffs with a class list and contact information for the class;

- The Plaintiff shall have **21 days** from any order granting this motion to serve the Notice on the class;

- The opt-in deadline shall be **91 days** (or 13 weeks) from to the date that the Notice is mailed;

- The Notice shall be mailed by First Class Mail to the last known address of all class members;

- The Notice shall be made available on a website on or before Plaintiff's deadline to serve the notice on the class;

- Opt-in Plaintiffs may sign and submit Consent to Join forms digitally on the internet using Plaintiff's Counsel's DocuSign platform.[1] The publically accessible Notice on the internet shall have an access code provided on the Notice so that only persons who receive the Notice can access it. The Plaintiff invites the Court to examine the

---

[1] DocuSign is compliant with the U.S. Electronic Signatures in Global and National Commerce Act ("ESIGN") and the Uniform Electronic Transactions Act ("UETA"). DocuSign, Are Electronic Signatures Legal?, https://www.docusign.com/learn/electronic-signature-legality (last visited Oct. 17, 2016). Moreover, Courts in other jurisdictions permitted electronic submission of consent to join forms. *See, e.g., Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 517–18 (W.D. Tex. 2015) ("Accordingly, the Court concludes Plaintiff may employ its proposed electronic signature method for execution of consent forms.") (also noting that the FLSA does not have a signature requirement and analogizing FLSA's "in writing" requirement to the "in writing' requirement in the FAA, which also does not require a signature).

interface here http://tinyurl.com/j66umpf[2] (access code:code5476); and

- The Notice shall be provided in English and in Spanish.

## II.   AREA OF DISAGREEMENT: SERVING NOTICE BY TEXT MESSAGE

The only area of disagreement among the parties is whether or not the Notice should be distributed via text message from Plaintiffs' Counsel to class members' cell phone numbers (to the extent they are available).

### A.   Plaintiff's Position

Plaintiff proposes that the following text message be sent to class members' phone numbers:

> You may be entitled to join a lawsuit against Averus, Inc. for unpaid wages, including unpaid overtime. Go to this webpage to read about the lawsuit and decide whether or not to join: www.AverusWageLawsuit.com.[3]

The internet link in the text will take the class member to the same DocuSign document at the link provided to the court above, except there will be no access code. If the class member has a smartphone, he can simply tap the website and be taken to the Notice on his smartphone's web browser. Alternatively, if the class member does not have a smartphone, he can access the website on a computer. The class member can then complete, sign, and submit the Notice electronically from his smartphone or computer.

Plaintiffs believe texting a website linking to the notice is needed to supplement the mailed Notice because of the transient nature of the class. That transient nature

---

[2] This is a temporary URL. The Plaintiffs have purchased www.AverusWageLawsuit.com com and will use that URL to host the notice in both English and Spanish.

[3] This URL is not yet active, but has been purchased by Plaintiff's Counsel. The actual URL in the text will likely have a subdomain because there will be both a Spanish and English Notice, *e.g.*, www.AverusWageLawsuit.com/sp and www.AverusWageLawsuit.com/en.

became obvious after the previous notice mailing to the previously certified Denver-only FLSA class, where 18 of 52 (or 35%) of notice mailings were returned as undeliverable. *See* Ex. B ¶¶ 2-4, Hood Dec. Moreover, Plaintiff's counsel's client base is principally composed of transient low wage workers and text messaging is the most reliable means of communicating with that community and most of Plaintiff's counsel's clients have smartphones. *See* Ex. B ¶¶ 5-8, Hood Dec. And while email may seem simpler, it is not possible here. Defendants have proffered that they have phone numbers for the class, but do not have email addresses for the class. Plaintiffs propose texting to **all** of those numbers. If a number is associated with a cell phone, the text will go through. If a number is associated with a landline, it will not go through. Plaintiff's counsel's experience with the Denver class opt-ins is that they only use cell phones and thus the phone numbers for the class possessed by Defendants are likely largely cell numbers. *See* Ex. B ¶ 9, Hood Dec.

Moreover, there is little to no risk of fraudulently submitted consent to join forms using this approach. Even if a phone number on the class list no longer belongs to a class member and a person other than a class member receives the text and attempts to complete the opt-in form, that person – as with a person completing the mailed form – would have to enter a name and address on the form. Thus, that person would either have the impossible task of guessing a class member's name or be forced to submit a fraudulent name because neither the text nor the form would include the names of class members. Therefore any fraudulently returned form would include a fraudulent name that could easily be checked against the class list and dismissed.

Texting FLSA notices has been approved by other Courts in similar circumstances. *Eley v. Stadium Grp., LLC*, 2015 WL 5611331, at *3 (D.D.C. Sept. 22, 2015) (considering text notice "on the grounds that much of the restaurant employee population is transient and many potential plaintiffs may have changed residences since their employment" and

finding that "notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action.") (citing *Chamorro v. Bahman Ghermezian*, No. 12–cv–8159 (TPG), ECF No. 17 ¶ 5 (S.D.N.Y. Feb. 25, 2013) (authorizing FLSA notice by text); *McKinzie v. Westlake Hardware, Inc.*, 2010 WL 2426310, at *5 (W.D.Mo. Jun. 11, 2010) (ordering defendant to provide cellular phone numbers following conditional certification).

Finally, Defendants point to the other electronic means for responding to the Notice that they have compromised over as reason to not authorize notice by text message. That argument has a single, but fundamental, flaw: class members cannot **respond** to the Notice unless they **receive** the Notice. Defendants would have class members receive the Notice only by mail, the method that was wholly unsuccessful for more than 1/3 of the Denver-only class.

Based on the above, Plaintiff requests that the Court order Defendants to disclose class members' phone numbers with the class list and that Plaintiff's counsel be authorized to send the text message above, containing an appropriate link to the Notice, to all members of the class on or before the date the Notice is served on the class by mail.

## B.  Defendants' Position

Defendants object that, in addition to the other methods of service and submission of opt-in forms (by U.S. mail, through a website and submitting the signed form by e-mail to Plaintiffs' counsel), that the Notice should be sent by text message.

Defendants have compromised and agreed to have class members to access the Notice and submit the consent form through a website.  Sending Notice by first class mail has been the uniformly method of serving Notice.  *Reab v. Electronic Arts., Inc.*, 214 F.R. D. 623, 630 (D. Colo. 2002) (Babock, C.J.).  As one court in this district put it,

"…noficiation by first class mail is the preferred method in the unique circumstances of class certification.  Such a mailing process ensures the integrity of a judicially controlled communication directed to the intended audience."  *Id.*  The first mailing of the opt-in Notice in this case was sent by U.S. mail.  Aside from arguing that the return rate was high, all the same considerations that Plaintiff gives to support service by text message now were present when Plaintiff previously agreed upon mailing the notice (i.e., the transient workforce, low wage workforce and text messaging is the most reliable method of communication).

In a similar situation, a court denied a plaintiff's request to serve class notice by e-mail.  *See Krzesniak v. Cendant Corp.*, 2007 WL 4468678, at *2 (N.D. Cal. Dec. 17, 2007).  The court approved that use of a website to issue notice as long as access to the website was restricted by requiring class members to enter a unique identifier or password in order to access the website.  *Id.*

The decisions relied upon by Plaintiff are not applicable here.  Unlike here, in *Eley*, the defendant did not object to conditional certification nor sending the class notice by text message (along with other methods).  2015 WL 5611331 at *3. In *McKinzie*, the court did not conduct an analysis about sending notice by text message nor was there any discussion about the parties' position.  Plaintiff simply cites to the order requiring defendant to produce to plaintiff names of class members and their home addresses and cell phone numbers, among other information.

Additionally, Plaintiff provides no authority holding that a return rate of 18 out of 52 Notice that were previously mailed were returned undeliverable.  Additionally, there is no reason to believe that sending a text message will be as effective or more effective.  In fact, class members receiving a text message from an unknown number may cause confusion and interfere the requirements that notice to class members be approved by

the Court in order to maintain the integrity of the process.  A text message may have the opposite effect.

Therefore, sending the Notice by text message is not appropriate and Plaintiffs' request should be denied.

### III.    CONCLUSION

The Parties request that the Court approve the notice agreed upon and attached as Exhibit A, and approve the other agreements for deadlines and form of notice above. The Parties further request that the Court consider and resolve their dispute regarding text messaging the Notice to the class.

s/Alexander Hood
Alexander Hood
David Seligman
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

Attorneys for the Plaintiffs

7

s/ Antonio Caldarone
Amy L. Miletich
Brendan Benson
Miletich PC
1660 Wynkopp - Suite 1160
Denver, CO  80202
(303) 825-5500
(303) 515-6655 (fax)

Antonio Caldarone
Laner Muchin, Ltd.
515 N. State St., Suite 2800
Chicago, IL 60654
(312) 467-9800
(312) 467-9479

Attorneys for the Defendants

**Certificate of Service**

I hereby certify that on 10/17/2016, I filed the forgoing using the Court's CM/ECF system and this caused all parties that have appeared to be served pursuant to Fed. R. Civ. P. 5.

s/ Alexander Hood
Alexander Hood