**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated

      Plaintiff,

v.

AVERUS, INC. *et al.*

      Defendants.

---

**DEFENDANTS' MOTION TO RECONSIDER THE COURT'S ORDER DENYING DEFENDANTS'
MOTION TO STAY OR ALTERNATIVE RELIEF, VACATE ITS ORDER GRANTING PLAINTIFF
PARTIAL SUMMARY JUDGMENT AND ALLOW DEFENDANT TO RESPOND TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

---

      Defendants, Averus, Inc. and Michael Shank ("Defendants"), by their attorneys, respectfully move this Court to reconsider its order denying Defendants' Motion to Stay or for Alternative Relief, vacate its order granting Plaintiff partial summary judgment and allow Defendants to respond to file a written response to Plaintiff's Motion for Partial Summary Judgment. In support of this Motion, Defendants state as follows:

## I.   BACKGROUND FACTS

      1.   On November 20, 2015, Plaintiff Alfonso Avendano ("Plaintiff Avendano" or "Plaintiff") filed a Motion for Partial Summary Judgment ("Plaintiff's Motion"). Dkt. 71. Plaintiff's Motion was filed less than thirty days after he filed two separate motions class certification under Fed. R. Civ. P. 23 ("Rule 23") and to issue notice to a collective class under Section 216(b) of the Fair Labor Standards Act ("FLSA"). Dkts. 69 and 70.

      2.   On December 4, 2016, Defendants filed a Motion to Stay Briefing on Plaintiff's Motion for Partial Summary Judgment Or Alternative Relief, which was before Defendants' response to Plaintiff's Motion was due. Dkt. 75. On September 29, the Court entered an order granting Plaintiff's Motion for

Partial Summary Judgment (the "September 29 Order"). Dkt. 93. In the September 29 Order, the Court found that Defendants failed to respond to Plaintiffs' Motion, even though the Court acknowledged that Defendants filed a Motion to Stay within the time that they were required to respond to Plaintiff's Motion. *Id.* at 5, n. 1. Specifically, the Court explained:

> The Court recognizes that Defendants did not entirely fail to respond to this Motion; nevertheless, in choosing to file a Motion to Stay Briefing rather than a specific response, Defendants took the Rrik that the Court would deny their Motion to Stay and decide the Motion on the merits…

*Id.* The Court relied on the District Court of Colorado Local Civ. R. 7.1(d) stating that the Court may rule on a motion any time after it is filed.

## II.  ARGUMENT

3.  Defendants respectfully request that this Court reconsider its decision denying Defendants' Motion to Stay, vacate its September 29 Order and give Defendants an opportunity to respond to Plaintiff's Motion.

4.  Under Fed. R. Civ. P. 59(e), a party may move to alter or amend the court's judgment within 28 days after entry of a judgment (this is commonly referred to as a motion to reconsider). *See e.g., Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 949 (10th Cir. 1995) (recognizing that the party may move to reconsider a court's order granting a motion to dismiss).[1] There are three grounds upon which a motion to reconsider may be filed: (a) an intervening change in the controlling law; (b) new evidence previously unavailable; and (c) the need to correct a clear error or prevent manifest injustice. *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000), *citing Brumark Corp.*, 57 F.3d at 948. Defendants bring this Motion on the grounds that denying Defendants the opportunity to respond to Plaintiff's Motion resulted in manifest injustice.

---

[1] Effective December 1, 2009, Rule 59(e) was amended to extend the time to file a motion to reconsider from 10 days to 28 days. Many of the decisions cited in the instant Motion pre-date 2009; therefore, they

5.     Shortly before Plaintiff's Motion was filed, Plaintiff had filed two motions for certification under the FLSA and Fed. R. Civ. P. 23.   Defendants filed their Motion to Stay asking the Court to decide Plaintiff's two motions for certification before briefing Plaintiff's Motion and cited two district court decisions that took the same approach.   Dkt. 75; *see also  Green v. Harbor Freight Tools USA, Inc.*, Case No. 09-C-2380, 2011 WL 147539, at * 1-2 (D. Kan. Jan. 18, 2011); *Gomez v. Rossi Concrete, Inc.*, 2011 WL 666888 (S.D. Cal. Fed. 17, 2011).   Defendants argued that judicial efficiency would be achieved by staying the briefing on Plaintiff's Motion to avoid piece-meal motions for summary judgment and that the decision on Plaintiff's Motion would impact the claims of other potential class members.

6.     Defendants also asked for alternative relief that the Court set a briefing schedule to, among other things, allow Defendants additional time to respond to Plaintiff's Motion.   Dkt. 75 at ¶ 6. Thus, Defendants asked that, if the Court denied their Motion to Stay, then that Defendants be given time to respond to Plaintiff's Motion.   *Id.*

7.     By requesting the alternative relief to allow Defendants' an opportunity to respond to plaintiff's motion, Defendants were requesting an extension of time to respond to Plaintiff's Motion. Defendants had not previously requested such an extension. The entry of summary judgment against a party has an obvious significant impact against that party.   The impact is even greater here because it can be used on behalf of a class of current and former employees.   Even though the Court granted summary judgment only as to Plaintiff Avendano, other class members can rely on the Court's decision in the September 29 Order.

8.     The Court relied on Averus' Rule 30(b)(6) deposition when it considered Plaintiff's Motion. Dkt. 93 at 5, n. 1.   However, the 30(b)(6) deposition focused on Averus' policies regarding whether

refer to the 10-day deadline.

time spent between jobs was compensable and the Court relied on Plaintiff's argument that he had to go directly to a job site and wait for an extended period of time for that job to begin. This is not the case. By denying Defendants' Request for Alternative Relief, Defendants were not able to submit their own affidavits, documents and other admissible evidence in response to Plaintiff's Motion rebutting Plaintiff's arguments. In other words, the Rule 30(b)(6) deposition did not provide the entire story. As with other Rule 30(b)(6) depositions, the subjects were chosen by Plaintiff and his counsel and the questions were asked by his counsel. *See* Exhibit 1, Schedule A. Therefore, Defendants were limited to the scope of the subjects and questions asked during the Company's Rule 30(b)(6) deposition; therefore, Defendants' counsel's redirect examination was necessarily limited to those subjects and questions. An additional limitation was the time limit set by the Federal Rules of Civil Procedure. Even if Defendants could ask questions beyond the scope of the subjects and questions asked by Plaintiff's counsel, Defendants could not possibly elicit all information that would be needed to respond to a motion for summary judgment, nor are Defendants required to do so. Therefore, Defendants inability to submit counter affidavits, cite to Plaintiff's own deposition testimony and submit other admissible evidence for the Court's consideration resulted in manifest injustice.

9.     This is not an instance where Defendants inexcusably ignored an ordered briefing schedule provided by its Local Rules or even a court order. Rather, Defendants made a good faith request to stay the briefing on Plaintiff's Motion, or, alternatively, in the event that the Court denied Defendants' Motion to Stay, then provide Defendants time to respond to Plaintiffs' Motion.

10.     For these reasons, Defendants respectfully request that the Court reconsider denying Defendants' request to stay or provide additional time to respond to Plaintiff's Motion, vacate its September 29 Order, give Defendants an opportunity to respond to Plaintiffs' Motion, and such further relief as the Court deems appropriate.

Dated:  October 27, 2016

Respectfully submitted,

AVERUS, INC. and MICHAEL SHANK

By:   s/ Antonio Caldarone

_____

One of their Attorneys

Amy L. Miletich
Brendan Benson
MiletichCohen PC
1660 Wynkoop, Suite 1160
Denver, Colorado 80202
Telephone: (303) 825-5500

Antonio Caldarone
Laner Muchin, Ltd.
515 North State Street, Ste. 2800
Chicago, Illinois 60654
Telephone: (312) 467-9800

## CERTIFICATE OF SERVICE

Antonio Caldarone, an attorney, hereby certifies that he caused the foregoing **Defendants' Motion to Reconsider The Court's Order Denying Defendants' Motion to Stay Or Alternative Relief, Vacate The Court's Order Granting Plaintiff's Motion for Partial Summary Judgment and Allow Defendant to Respond to Plaintiff's Motion for Partial Summary Judgment** in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Alexander Hood
> David Seligman
> Towards Justice
> 601 16th St., Suite C #207
> Golden, CO  80401
> alex@towardsjustice.org
> david@towardsjustice.org

>    /s/ Antonio Caldarone
> Antonio Caldarone

4832-6964-4091, v. 1