**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, *ET AL.*;

    Plaintiffs,

v.

AVERUS, INC., *ET AL.*;

    Defendants.

---

**MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a) AND FOR TOLLING PURSUANT TO *AMERICAN PIPE***

---

### CERTIFICATE OF CONFERAL PURSUANT TO D.C.COLO.LCivR 7.1(A)

Plaintiffs' counsel conferred with Defendants' counsel by phone and email beginning on February 13, 2017 regarding the filing of this Motion. Defendants' counsel has been attempting to confer with his client, but was unable to take a position on the motion prior to filing.

### I. INTRODUCTION

Plaintiff Avendano originally filed this case on June 9, 2014 and subsequently filed an amended complaint on December 4, 2014. *See* ECF Docs. 1, 42. In both complaints, Plaintiff Avendano was the sole plaintiff. He sought, among other things, to represent a Rule 23 class action on behalf of all other Averus employees who similarly suffered from the company-wide policies that had affected him. After discovery, Plaintiff Avendano moved for certification of a nationwide Rule 23 class, asserting claims under

1

the laws of the states where Averus employees had worked. But the Court certified a Colorado-only class because the Court found Plaintiff Avendano lacked standing to bring class claims under the laws of states where he had not worked. *See* ECF Doc. 92. Since that order, four Plaintiffs who worked for Averus in, respectively, Missouri, Minnesota, Illinois, and Tennessee retained Plaintiffs' counsel.[1] Here, these new Plaintiffs seek to intervene in this case as named Plaintiffs and class representatives for state law claims under the laws of the states where they performed uncompensated work for Averus.[2]

## II. THE AMENDMENT SHOULD BE PERMITED

The principal purpose of the proposed amendment is to add new Plaintiffs to the case—Messrs. Cook, Hewitt, Orozco, and Couch. The claims largely remain the same as those alleged by Plaintiff Avendano in 2014—a FLSA collective action and state wage-and-hour claims—except that what was once a single state law claim is broken out into separate counts for each state where Named Plaintiffs performed uncompensated work. The proposed amended complaint also adds new factual allegations specific to each of the new named Plaintiffs, as well as facts obtained in discovery since the previous amendment.

---

[1] They each learned of this case and Plaintiff's counsel through the court-approved FLSA notice form, which was distributed to the nationwide FLSA opt-in class. ECF Doc. 91.
[2] A clean version of the Second Amended Complaint is attached as Exhibit 1. Pursuant to D.C.COLO.LCivR 15.1, a redlined version of the proposed Second Amended Complaint is attached as Exhibit 2.

Pursuant to the Fed. R. Civ. P. 15(a) standard for amendment "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has described this standard as follows:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.,* 712 F.2d 444, 446 (10th Cir. 1983).

The proposed amendment meets that standard. There is no undue delay or dilatory motive here. While Plaintiff Avendano filed this case in 2014, the proposed new Plaintiffs did not retain Plaintiff's counsel until mid-January. Plaintiffs and Plaintiffs' counsel have been working diligently to generate and file the amended complaint since then, with conferrals with Defendants' counsel regarding the amendment beginning on February 13, 2017. Moreover, amendment serves the goal of judicial economy. The proposed new named Plaintiffs have opted-in to the FLSA claim in this case, and their FLSA claims and state wage claims all depend on the same alleged facts—Averus's

3

failure to pay for all time worked. It makes sense to adjudicate those claims in a single case.[3]

To be sure, the scheduling order in this case set an amendment deadline for 20 days after any order certifying a class, ECF Doc. 33 at 7, making the deadline for amendment 10/19/2016. *See* ECF Doc. 92 (certifying Colorado state law class). But there is good cause for amendment. Fed. R. Civ. P. 16. *See James v. Fenske,* 2012 U.S. Dist. LEXIS 22663 * 5-6, 2012 WL 592855 (D. Colo. Feb. 23, 2012).[4]

First, the new Plaintiffs were all absent class members who only now seek to become named Plaintiffs because, though they were members of the putative class, they are not members of the Colorado-only class certified by the Court. The new Plaintiffs cannot be faulted for waiting for denial of class certification to intervene individually. *See Crown v. Parker*, 462 U.S. 345 , 353-54 (1983) ("We conclude … the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At

---

[3] Indeed, Plaintiffs contemplated filing a separate case in this district and relating it to this case pursuant to D.C.COLO.LCivR 3.2. Plaintiffs chose this route rather than that route for efficiency, as their FLSA opt-in claims were already pending in this action and the result of relating a new case would likely be the same—a single consolidated case.
[4] The 10th Circuit has not decided whether Fed. R. Civ. P. 16's good cause standard must be met for an amendment after the scheduling order's amendment deadline has passed. *United States ex. rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009).

4

that point, **class members may choose to file their own suits or to intervene as plaintiffs in the pending action.** (emphasis added) (citations and quotations omitted)).

Second, Plaintiffs did not retain Plaintiff's counsel until mid-January—only two months after the amendment deadline—and Plaintiffs' counsel has worked diligently to prepare the amended complaint and confer with Defendants' counsel within that time. Where, as here, an amendment seeks to add new Plaintiffs after the amendment deadline, good cause exists where the deadline was recent and Plaintiffs did not have an opportunity to intervene before the deadline. *See James,* 2012 U.S. Dist. LEXIS 22663 * 10. That is the case here.

### III. THE STATUTE OF LIMITATIONS FOR THE NEW NAMED PLAINTIFFS SHOULD BE TOLLED FROM THE FILING OF THE ORIGINAL COMPLAINT

The Supreme Court has held that "the filing of a timely class action complaint commences the action for all members of the class as subsequently determined" and that "the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551-53 (1974); *Joseph v. Wiles*, 223 F. 3d 1155, 1167 (10th Cir. 2000) (same). Missouri, Minnesota, Illinois, and Tennessee—the states, in addition to Colorado, whose laws serve as the basis for the proposed complaint—have all adopted this rule for class actions under their states' laws. *See Steinberg v. Chicago Medical School*, 371 N.E.2d 634, 645 (Ill. 1977); *Charles v. Spradling*, 524 S.W.2d 820, 825 (Mo. 1975); *Maestas v. Sofamor Danek Group, Inc.,* 1999 Tenn. App. LEXIS 97 * 14-5 (Tenn. Ct. App. 1999); *First State Bank of Cosmos v. Spinner*, 1998 Minn. Dist. LEXIS

6, \*\* 23-27 (Minn. Dist. Ct. 1998) (Federal district court in Minnesota applying *American Pipe* to Minnesota state law claim).

The *American Pipe* rule tolls the claims of absent class members even "if a district court declines to certify a class" as long as the "reasons [for denial of class certification are] unrelated to the appropriateness of the substantive claims for certification." *See McKowan Lowe*, 295 F.3d at 389. And "[t]he majority of courts who have addressed the issue have concluded that *American Pipe & Construction Co. v. Utah* tolling applies" to toll the statute of limitations for absent class members "where the district court ultimately determines that the [named] plaintiff lacks standing." *Genesee County Emples. Ret. Sys. v. Thornburg Mortg. Secs. Trust 2006-3*, 825 F. Supp. 2d 1082, 1162 (D.N.M. 2011) (citing *McKowan Lowe & Co., Ltd. v. Jasmine, Ltd.*, 295 F.3d 380, 385 (3d Cir. 2002); *Griffin v. Singletary*, 17 F.3d 356, 360 (11th Cir. 1994)); *see Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1097-98 (3d Cir.1975).

When Plaintiff initially filed his putative class claims in 2014, the statutes of limitation for the claims of all putative class members—including the proposed new Plaintiffs—were tolled. The Court never concluded that there was anything about any of those claims that made them ill-suited for class certification. It concluded only that Plaintiff Avendano lacked standing to bring suit under the laws of other states where putative class members had worked. *See* ECF Doc. 91. That order did not unwind the tolling that had validly applied to the claims of putative class members from the moment Plaintiff filed this case.

Plaintiffs therefore request that the statute of limitations for the new named Plaintiffs' state law class claims should be tolled from the filing of the original complaint in this case: June 9, 2014.

The Plaintiffs request the following:

1. leave to amend their complaint pursuant to Fed. R. Civ. P.15(a), that the Court Clerk be ordered to docket Plaintiff's Second Amended Complaint filed along with this Motion as Exhibit 1 as Plaintiff's complaint going forward, and that the case caption in this case going forward be the caption displayed in the Second Amended Complaint; and

2. that, pursuant to *American Pipe*, the statute of limitations for the class claims alleged in Counts III-VIII (the state law claims for Missouri, Minnesota, Illinois, and Tennessee) be tolled as of June 9, 2014.

                                                Respectfully Submitted,

                                                s/Alexander Hood
                                                Alexander Hood
                                                David Seligman
                                                Towards Justice
                                                1535 High St., Suite 300
                                                Denver, CO 80218
                                                Tel.: 720-239-2606
                                                Fax: 303-957-2289
                                                Email: alex@towardsjustice.org

                                                Attorneys for the Plaintiff

## Certificate of Service

      I hereby certify that on February 22, 2017, I served a true and correct copy of the forgoing on the individuals below pursuant to Fed. R. Civ. P. 5.

*Attorneys for Defendants*
Antonio Caldarone
Amy L. Miletich
Brendan Benson

                                                   <u>s/Alexander Hood</u>
                                                   Alexander Hood