**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated

        Plaintiff,

  v.

AVERUS, INC. *et al.*,

        Defendants.

---

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. 15(a) AND FOR TOLLING PURSUANT TO *AMERICAN PIPE***

---

Since 2014, this case involved alleged violations of the Fair Labor Standards Act and Colorado law. Over two years later, Plaintiff now wants to amend his Complaint for a second time four months after the deadline to amend pleadings. If the timing was not enough, the proposed Second Amended Complaint seeks to add six new counts alleging violations of state wage laws, breach of contract, unjust enrichment and *quantum meruit* under Illinois, Minnesota, Missouri and Tennessee law. The proposed Second Amended Complaint also seeks to add four separate state law subclasses. The proposed additional subclasses would add about 380 persons (in addition to the approximately 130 class members already part of the lawsuit). The Court should deny Plaintiff's Motion as untimely, decline to exercise supplemental jurisdiction over the

state law claims and deny Plaintiff's request to allow the newly asserted state law claims to relate back to the original filing date.

## I. PERTINENT FACTS[1] AND PROCEDURAL POSTURE

Averus provides maintenance and fire protection services to restaurants, hotels and bars in Colorado, Illinois, Indiana, Minnesota, Missouri and Tennessee. On June 9, 2014, Plaintiff filed this lawsuit alleging overtime violations of the Fair Labor Standards Act ("FLSA"), *quasi contract and quantum meruit* under Colorado law. Dkt. 1. Plaintiff, a former Driver, filed this class action lawsuit seeking a collective class under the FLSA for employees in all states in which it operates and a Rule 23 class under Colorado law. On December 4, 2014, Plaintiff filed a First Amended Complaint that mostly included additional factual allegations. Dkt. 42.

On July 17, 2014, Plaintiff filed a motion for conditionally certify a collective action under Section 216(b) of the FLSA for certain employees who worked at all of Averus' locations in various states. Dkt. 16. On March 31, 2015, the Court conditionally certified a collective action under Section 216(b) of the FLSA for employees in Colorado only. Dkt. 51. Six employees opted-in into the FLSA claim. Dkts. 79, 82, 83.

On October 30, 2015, Plaintiff filed another motion again seeking to conditionally certify a collective action under Section 216(b) of the FLSA for certain employee at all other Averus locations (i.e., Illinois, Indiana, Minnesota, Missouri and Tennessee). Dkt. 69. Plaintiff also sought to certify a Rule 23 class under Colorado law for employees in Colorado, Illinois, Indiana, Minnesota, Missouri and Tennessee. Dkt. 70. On September

---

[1] The parties have developed an extensive factual record; therefore, Defendants include the facts most pertinent to its response.

29, 2016, the Court granted Plaintiff's second motion conditionally certifying a FLSA collective class and a Rule 23 Colorado class, but denied certifying a Rule 23 class action for employees in the other states because Plaintiff never worked in those states. Dkts. 91, 92. Following the most recent FLSA certification, about fifty (50) persons have opted-in into the case. Dkts. 104-108. Approximately eighty (80) persons are members of the Rule 23 Colorado class. Dkt. 109-2 at ¶ 61. The current total of FLSA and Rule 23 class members is 130.

Plaintiff now seeks to amend his Complaint a *second* time to add state law claims under the laws of Illinois, Minnesota, Missouri and Tennessee. Dkt. 109. The Court's scheduling order required that amendments be filed twenty (20) days after ruling on motion to certify under Section 216(b) of the FLSA and/or Rule 23, whichever is later. Dkt. 33. The deadline to amend pleadings was October 19, 2016, four months ago.

The proposed Second Amended Complaint seeks to add six new claims (new Counts III-VII) under the laws of Illinois, Minnesota, Missouri and Tennessee, including state wage laws and claims for breach of contract, unjust enrichment and *quantum meruit*. Dkt. 109-2 at ¶¶ 199-242. It also seeks to add four additional Rule 23 subclasses for each state. Dkt. 109-2 ¶¶ 64-67. Plaintiff alleges that there are approximately 70 class members in Missouri (Dkt. 109-2 at ¶ 88); 45 class members in Minnesota (*Id.* at ¶ 116); 190 class members in Illinois (*Id.* at ¶ 139); and 75 class members in Tennessee (*Id.* at ¶ 159). This would total a Rule 23 class of 380 persons.

## II.    ARGUMENT

### A.    The Proposed Amendment Is Untimely

Plaintiff's Motion comes more than four months past the deadline to amend pleadings and seeks to significantly expand the claims in this case by adding six claims under four state laws and four separate Rule 23 subclasses. Because the deadline for amending pleadings in the scheduling order has passed, Plaintiff must show good cause under Fed. R. Civ. P. 16(b)(4) and meet the requirements of Fed. R. Civ. P. 15(a). *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Examples of good cause include learning new information through discovery or a change in the underlying case law. *Id.* Rule 15 governs amendments to pleadings and requires that Plaintiff can only amend his complaint with leave of court (because Defendants do not consent). Fed. R. Civ. P. 15(a)(2). The Court has discretion to grant Plaintiff leave to amend his Complaint, but only if justice requires. *Id.* A court may deny an amendment based on timeliness alone. *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). Courts consider several factors in determining whether to allow a complaint to be amended, such as whether the amendment will result in undue prejudice, whether the request is unduly and inexplicably delayed, was offered in good faith or that the party had sufficient opportunity to state a claim and failed. *Las Vegas Ice & Cold Storage, Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Additionally, FED. R. CIV. P. 1 provides that the Federal Rules of Civil Procedure should be construed and administered by the Court to "secure the just, speedy and inexpensive determination of every action and proceeding." Plaintiff does not have good cause to

4

amend more than four months after the scheduling order deadline and the Court should not allow.

In *Zisumbo v. Ogden Regional Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015), the Tenth Circuit upheld a district court's decision to deny leave to amend a complaint four months after the scheduling order deadline where the plaintiff sought to add three state-law claims based on information discovered five months before the scheduling order deadline. In another case, the Tenth Circuit denied leave to amend a complaint eight months after the original complaint was filed and over five months after a previous amendment. *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994). The Tenth Circuit explained that the proposed amendment was not based on new evidence unavailable at the time of the original filing. *Id.* In yet another case, the Tenth Circuit affirmed a district court's denial of leave to amend a complaint when the amendment was sought eighteen months after the initial complaint and nine months after partial summary judgment was granted. *Las Vegas Ice & Cold Storage, Co.*, 893 F.2d at 1185.

Here, Plaintiff seeks to amend his Complaint a second time over two years after he filed the original Complaint (on June 9, 2014) and the First Amended Complaint (on December 4, 2014), and four months after the deadline to amend pleadings (which was October 19, 2016). Plaintiff was aware of all of the facts necessary to assert these state law claims for unpaid wages. He does not identify any new facts or change in the law that demonstrates good cause to request leave to amend the complaint a second time long after the Court's deadline has passed.

As explained above, Plaintiff had previously tried to assert unpaid wage claims on behalf of persons in Illinois, Minnesota, Missouri and Tennessee, but the Court denied it because he did not perform work in those states. Dkt. 92. Now that employees in those states have opted-in into the FLSA claim, Plaintiff now wants to significantly expand this case by adding six state-law claims under four separate state laws, four additional Rule 23 subclasses, and expanding the Rule 23 class by 380 persons (in addition to the 130 persons already part of this lawsuit). Plaintiff's only reason for missing the scheduling order deadline is because he was recently contacted by the opt-in Plaintiffs in those states. Waiting to find additional plaintiffs to expand a case should not be sufficient good cause to miss the scheduling order deadline and to amend his Complaint for a second time two years after his First Amended Complaint. If this was good cause, then Plaintiff could be allowed to continue to hunt for plaintiffs in other states where Averus operates and amend his Complaint again and again. This would render Fed. R. Civ. P. 1, 15(a) and 16 meaningless.

Plaintiff's Motion should be denied because it is untimely and he does not have good cause for the delay in seeking the extraordinary relief that he requests.

### B. The Court Should Decline to Exercise Supplemental Jurisdiction Over Six State-Law Claims Involving Four States

The Court should decline to exercise supplemental jurisdiction over the additional state-law claims. Courts can exercise supplemental jurisdiction over state law claims if the Court has original jurisdiction and the claims arise out of the same nucleus of operative facts. 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). District courts may decline to exercise supplemental jurisdiction,

however, where: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. *Id.* The Court should decline to exercise supplemental jurisdiction under (1), (2) and/or (4).

### 1. The State Law Claims Raise Complex Issues of State Law

Many of the proposed state law claims involve nuances and differences in the various laws that will require separate proofs and consideration by the Court and fact finder. For example, Minnesota law requires overtime to be paid only after forty-eight (48) hours in a workweek while the FLSA, Illinois and Missouri require overtime pay after forty (40) hours. 29 U.S.C. § 204; 820 ILCS 105/4a; Mo. Rev. Stat. § 290.505. The states also have differing statutes of limitations among them and the FLSA. The statute of limitations under the Missouri wage law is two years and a federal court analyzing Missouri law has rejected that the five-year statute of limitations applies to unjust enrichment and *quantum meruit* claims. Mo. Rev. Stat. § 290.527; *Sutton-Price v. Daughtery Sys., Inc.*, 2012 WL 2282344, at *2 (E.D. Mo. Jun. 18, 2012) (Jackson, J.). The statute of limitations under Illinois law is three years. 820 ILCS 105/12(a) (West 2017). Under the FLSA, the statute of limitations is two years, unless Plaintiff can show a willful violation then it is three years. 29 U.S.C. § 255(a).

Tennessee does not have a state wage law counterpart to the FLSA. Plaintiff brings unjust enrichment and *quantum meruit* claims under Tennessee law. A U.S.

District Court in Tennessee noted that the Court of Appeals for the Sixth Circuit has not addressed whether the FLSA preempts state law claims like unjust enrichment. *Bennett v. Highland Graphics, Inc.*, 2016 WL 6071998, at *14 (M.D. Tenn. Oct. 17, 2016) (Warerly, J.).[2] Thus, it is not entirely clear if an action for unjust enrichment or *quantum meruit* can be maintained under Tennessee law. *Bennett* also recognized that the FLSA would preempt an unjust enrichment claim under Tennessee law if the plaintiff sought payment for overtime wages. *Id.* at *14.

Additionally, Plaintiff cannot bring equitable claims under Minnesota law because Minnesota does not allow a party to bring a claim for equitable relief when there is an adequate remedy at law. *See Huff v. Pinstripes, Inc.*, 972 F. Supp. 2d 1065, 1083 (D. Minn. 2013) (granting defendant partial summary judgment finding that the availability to recover unpaid wages under the Minnesota Fair Labor Standards Act precludes a claim for unjust enrichment based on the failure to pay wages). In another case, a plaintiff brought unjust enrichment and *quantum meruit* claims for unpaid wages under Minnesota law and a U.S. District Court was unclear whether Minnesota law distinguished between the two. *Frank v. Gold'N Plump Poultry, Inc.*, 2007 WL 2780504 at * 13 (D. Minn. Sept. 24, 2007) (Schiltz, J.). As a result, the Court hesitated to rule on the *quantum meruit* claims based on their "murky nature" under Minnesota law. *Id.*

---

[2] The court may consider the merits of the proposed claims in deciding whether to grant Plaintiff's Motion. *See Bauchman for Bauchman v. West High Sch.*, 132 F.3d 542, 561-562 (10th Cir. 1997) ("A court may properly deny a motion to leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason…").

These are just some of the complex and nuanced issues of the proposed state law claims that weigh against exercising supplemental jurisdiction.

### 2. The Six Additional State-Law Claims Would Substantially Predominate Over The FLSA And Colorado Claims

The proposed state law claims would substantially predominate over the straight forward FLSA and Colorado claims.  Since June 2014, this case contained two Counts under the FLSA and Colorado law.  Dkts. 1 and 42.  Plaintiff now seeks to add six new counts under Illinois, Minnesota, Missouri and Tennessee law, add four separate Rule 23 subclasses under those states, and expand the number of potential class members by 380.  The proposed state law claims involve both legal and equitable relief.  There are four claims under the state wage laws of Illinois, Minnesota, and Missouri (but not Tennessee), breach of contract claims under Illinois, Minnesota, Missouri and Tennessee law, and claims for *unjust enrichment and quantum meruit* under Illinois, Minnesota, Missouri and Tennessee law.  It is important to point out that Count VII in the proposed Second Amended Complaint is styled as a single count, but it is actually four separate breach of contract claims under Illinois, Minnesota, Missouri and Tennessee law.  Similarly, Count VIII in the proposed Second Amended Complaint is actually four separate claims for unjust enrichment and *quantum meruit* under Illinois, Minnesota, Missouri and Tennessee laws.  Thus, there are eleven additional claims.

This District Court faced a similar issue in *In re American Fam. Mut. Ins. Co. Overtime Pay Litigation*, 638 F. Supp. 2d 1290 (D. Colo. Jul. 28, 2009) (Daniel, J.).  That case involved a multidistrict litigation for unpaid wages under the FLSA involving lawsuits filed in the U.S. District Courts for the District of Colorado and the Northern

9

District of Illinois. Plaintiffs sought to amend the complaint to add three separate state class actions under four state laws. *Id.* at 1299. The Court declined to exercise supplemental jurisdiction on a number of grounds, two of which are discussed here. First, the Court was concerned with sending notice to 350 possible class members who would overlap with the FLSA opt-in Plaintiffs and when there were already forty-eight persons who joined the lawsuit as opt-in Plaintiffs. *Id.* at 1299-1300. Additionally, the Court declined to exercise supplemental jurisdiction over three separate state law subclasses involving three separate state wage laws. *Id.* at 1300. The Court also recognized that other courts have declined to exercise supplemental jurisdiction for similar reasons. *See e.g. Neary v. Metropolitan Prop. & Caus. Ins. Co.*, 472 F. Supp. 2d 247, 252-253 (D. Conn. 2007); *Luciano v. The Eastman Kodak Co.*, 2006 WL 1455477, at * 5 (W.D.N.Y. May 25, 2006) (Telesca, J.).

In yet another case, the U.S. Court of Appeals for the Third Circuit reversed a district court holding that the district court should not have exercised supplemental jurisdiction over state law claims because it presented complex issues of state law and that the state law claims would have predominated over the FLSA claim. *DeAsencio v. Tyson Foods*, 342 F.3d 301, 309-311 (3d Cir. 2003). The Third Circuit held that the district court should not have exercised supplemental jurisdiction due to the proofs required under an implied contract under state law.

There is no doubt that eleven claims under four separate state laws, and the addition of 380 possible class members, would predominate over the existing FLSA and Colorado claims. Plaintiff's Motion does not address, and it is entirely possible, that

some of the 380 possible class members overlap with the opt-in Plaintiffs from those states who have joined in the FLSA claim. Finally, Plaintiff's claims allege off-the-clock work, which would require individualized proofs from class members of many hours of off-the-clock work performed, if any. *See e.g., Porcell v. Lincoln Wood Prod., Inc.*, 713 F. Supp. 2d 1305, 1324 (D.N.M. 2010).

For all of these reasons, even if the Court finds that Plaintiff can amend his Complaint for a second time, the Court should not exercise supplemental jurisdiction over the state law claims.

### 3. Additional Compelling Reasons Weigh Against Exercising Supplemental Jurisdiction

In addition to the reasons identified in Sections III.A and B., the procedural posture of this case is a compelling reason not to exercise supplemental jurisdiction. For over two years, the parties have exclusively focused on class discovery, briefing three motions to certify the Rule 23 class and FLSA collective actions and issuing class notice twice. The parties have not even begun engaging in substantive fact discovery and they have only taken two depositions. The opt-in period has closed on the "nationwide" class and there are now a combined total of about 130 FLSA opt-in plaintiffs and members of the Colorado Rule 23 class. In addition to seeking written and oral discovery of class members on the substantive issues, Defendants expect to identify an expert and there may be additional motion practice to decertify a class(es) and/or summary judgment. It is very likely that fact and expert discovery could easily take another year. By that time, this case would have been pending for over three and

one-half years.³ This is an unreasonable amount of time for a relatively straight forward unpaid overtime case, especially since the class is currently 130 persons.

Moreover, if Plaintiff's Motion is granted, none of this takes into account the additional time needed to brief and rule on certification of the four more proposed subclasses; the class notice period and engaging in fact discovery of the additional members of the new subclasses if one or more of the classes are certified; and/or the time for briefing and for the court ruling on possible motions to decertify one or one of the Rule 23 or FLSA class.

In light of all of these issues, the Court should also consider the guidance provided by Fed. R. Civ. P. 1 when deciding whether Plaintiff had good cause under Rule 16 to seek to amend his complaint over four months after the scheduling order deadline, and whether the Court should exercise its discretion to allow him to amend his complaint for a second time under Rule 15(a). *See e.g., DeAsencio*, 342 F.3d at 312 (identifying the posture of the case as a further reason to not exercise supplemental jurisdiction).

### C.    The State Claims Do Not Relate Back To the Original Complaint Filed in 2014 And The Statute of Limitations Should Not Be Tolled

Even if the Court allows Plaintiff to file the Second Amended Complaint, the claims should not relate back for statute of limitations purposes to the filing date of the original Complaint or the First Amended Complaint. Plaintiff seeks to invoke *American*

---

³ The Court has not even issued a scheduling order on the substantive fact discovery because the original scheduling order was for purposes of class certification only. Dkt. 33.

*Pipe* to have the statute of limitations period relate back to the date that he filed the original Complaint on June 9, 2014.

*American Pipe* is not applicable here because the additional state-law claims and four Rule 23 sub-classes were not asserted in either the original Complaint or the First Amended Complaint. In *American Pipe*, the U.S. Supreme Court held that the commencement of the original class lawsuit tolls the running of the statute of limitations until a court decides whether to certify a class. *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553-554 (1974).[4] The holding does not apply here because the class claims proposed in the Second Amended Complaint were not asserted in the original Complaint or First Amended Complaint. *See Crown, Cork & Seal*, 462 U.S. at 353-354 (the commencement of a class action tolls the statute of limitations to "…all <u>asserted</u> members of the class who would have been parties had the suit been permitted to continue as a class action.") (emphasis added); *see also Onyx Properties LLC v. Bd. of County Comm'rs of Elbert County*, 916 F. Supp. 2d 1191, 1197-1108 (D. Colo. 2012) (declining to apply *American Pipe* because class claims were not asserted in the original complaint).

Plaintiff's original Complaint contained only two counts. Count I alleged breach of contract or quasi contract under Colorado law based on the minimum wage and overtime requirements of the FLSA. Dkt. 1 at ¶ 48. Count I also alleged an alternative theory of *quantum meruit* under Colorado law. *Id.* at ¶ 52. None of the allegations in

---

[4] The plaintiffs in *American Pipe* were intervenors, but the U.S. Supreme Court later held that it included all "asserted" class members, not just intervenors. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350 (1983).

Count I, or Count I itself, asserted any of the state-law claims in the proposed Second Amended Complaint. While Plaintiff may argue that general allegations in the original Complaint stating (erroneously) that Averus had twenty-six locations throughout the country is sufficient to invoke *American Pipe*, the allegations and the four subclasses under Illinois, Minnesota, Missouri or Tennessee law that he seeks to add were nowhere in the original Complaint. Plaintiff should not be allowed to use the extraordinary and inapplicable holding in *American Pipe* to expand the statute of limitations and, as a result, the class. Additionally, Plaintiff brings this Motion only after his motion seeking to certify a Rule 23 class of Drivers and Helpers employed at all of Averus' locations was denied. Just like Count I, Count II of the original Complaint contained a FLSA claim and sought to certify a collective action under Section 216(b). Thus, the state-law claims that Plaintiff seeks to add and the four sub-classes upon which he seeks to certify were not part of the original Complaint.

For the same reasons, *American Pipe* does not allow the proposed claims in the Second Amended Complaint to relate back to the First Amended Complaint filing date of December 4, 2014. Plaintiff did not add any counts to the First Amended Complaint. Plaintiff added the following language in the title of Count I of the First Amended Complaint: "Count I: Fed. R. Civ. P. 23 Class Claim for Breach of Contract Or Quasi-Contract <u>And Statutory Wage Violations in Several States</u>." Dkt. 42-1 at 9. However, he never alleged a violation of the state laws in the proposed Second Amended Complaint, nor did he even identify the states themselves. Rather, in the amended Count I, Plaintiff merely expanded upon his theory of quasi contract by adding the

following allegation: "State statutory and regulatory labor requirements were also implied into contracts."  *Id.* at ¶ 65.  What is more, Plaintiff's earlier Rule 23 motion to certify a class did not seek to certify any classes under any of these state laws.  Rather, the Rule 23 motion sought to certify a class under Colorado law, which was denied.

The proposed Second Amended Complaint for first time seeks to add the state law claims, identify specific states under which he brings the claims, and seeks to add four subclasses.  The fact that Plaintiff wants to do so now only further demonstrates that neither the original Complaint nor the First Amended Complaint contained the class claims that Plaintiff seeks to add.

Alternatively, for the reasons stated above, if the Court finds that the additional claims in the proposed Second Amended Complaint relate back, they should relate back to the filing date of the Second Amended Complaint, not the original Complaint.

### III. CONCLUSION

Plaintiff's Motion should be denied.  It is untimely, the proposed state law claims would swallow the existing FLSA and Colorado claims, and it would substantially expand the scope of this case causing significant and costly delay of its prosecution.  Alternatively, if the Court grants Plaintiff's Motion, the state law claims should not relate back to the filing date of the original Complaint and the Second Amended Complaint.

Dated:  March 22, 2017	Respectfully submitted,

	AVERUS, INC. and MICHAEL SHANK

	By:   /s/Antonio Caldarone
	       One of their Attorneys

Amy L. Miletich
Brendan Benson
Miletich PC
1660 Wynkoop, Suite 1160
Denver, CO  80202
Phone: (303) 825-5500
Fax:  (303) 515-6655

Antonio Caldarone
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
Telephone: (312) 467-9800
Fax: (312) 467-9479

...

# CERTIFICATE OF SERVICE

Antonio Caldarone, an attorney, hereby certifies that, on March 22, 2017, I caused to be served a copy of the foregoing **Defendants' Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) and for Tolling Pursuant to *American Pipe***, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Alexander Hood
> David Seligman
> Towards Justice
> 601 16th St., Suite C #207
> Golden, CO 80401
> alex@towardsjustice.org
> david@towardsjustice.org

> /s/Antonio Caldarone
> Antonio Caldarone