IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, on behalf of himself and others similarly situated,

Plaintiff,

v.

AVERUS, INC., and
MICHAEL SHANK,

Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT PURSUANT TO FED. R. CIV. P. 15(A) AND FOR TOLLING PURSUANT TO *AMERICAN PIPE* (Docket No. 109)

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) and for Tolling Pursuant to *American Pipe* (Docket No. 109). Plaintiff seeks leave to amend to add four newly named plaintiffs to this action as well as several state-law claims under the laws of Missouri, Minnesota, Illinois, and Tennessee. Defendants filed a response (Docket No. 117). Plaintiff has not filed a reply and his deadline to do so has elapsed. D.C.COLO.LCivR 7.1(d). The Court has carefully considered the subject motion (Docket No. 109) and Defendants' response (Docket No. 117).  In addition, the Court has taken judicial notice of the Court's file, and has considered the applicable Federal Rules of Civil Procedure and case law.  The Court now being fully informed makes the following findings of fact, conclusions of law, and recommendations.

**Background**

A brief history of this case is helpful. On June 9, 2014, Plaintiff initiated this lawsuit by filing his complaint, alleging overtime violations of the Fair Labor Standards Act ("FLSA") and bringing state law claims under Colorado law. (Docket No. 1). Plaintiff, a former employee of Defendant Averus, Inc., sought a collective class under the FLSA for employees in all states in which it operates and a Rule 23 class under Colorado law. On December 4, 2014, Plaintiff filed a First Amended Complaint, which is the complaint Plaintiff now seeks to amend. (Docket No. 42). On July 17, 2014, Plaintiff filed a motion for conditionally certify a collective action under Section 216(b) of the FLSA for certain employees who worked at all of Defendant Averus Inc.'s locations. (Docket No. 16). On March 31, 2015, Judge Arguello conditionally certified a collective action under Section 216(b) of the FLSA for employees in Colorado only. (Docket No. 51). On October 30, 2015, Plaintiff filed another motion again seeking to conditionally certify a collective action under Section 216(b) of the FLSA for certain employees at all other Averus, Inc. locations (i.e., Illinois, Indiana, Minnesota, Missouri and Tennessee). (Docket No. 69). Plaintiff also sought to certify a Rule 23 class under Colorado law for employees in Colorado, Illinois, Indiana, Minnesota, Missouri and Tennessee. (Docket No. 70). On September 29, 2016, Judge Arguello granted Plaintiff's second motion conditionally certifying a FLSA collective class and a Rule 23 Colorado class, but denied certifying a Rule 23 class action for employees in the other states because Plaintiff never worked in those states and, therefore, did not have standing to bring a class action on behalf of individuals in those states. (Docket No. 91 & 92).

**Analysis**

As noted above, Plaintiff now seeks to file a Second Amended Complaint which would add four new plaintiffs and state law claims under the laws of Illinois, Minnesota, Missouri and Tennessee. (Docket No. 109-2). The scheduling order required that amendments be filed twenty (20) days after a ruling on a motion to certify under Section 216(b) of the FLSA and/or Rule 23, whichever is later. (Docket No. 33). The deadline to amend pleadings was therefore October 19, 2016. The instant motion (Docket No. 109) was filed on February 22, 2017, more than four months after the deadline.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Carr v. Hanley*, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)). The Court also notes that the Federal Rules of Civil Procedure in general, and Rule 15 in particular, favor resolving disputes on their merits, which counsels in favor of allowing amendment and permitting defendants to file appropriate motions to dismiss or for summary judgment. *Gocolay v. New Mexico Federal Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (1992) (citations omitted). In addition to Rule 15, Rule 16(b) applies when the deadline for amendment of pleadings as set in the scheduling order

has passed. A scheduling order deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, the requirements of both rules must be satisfied in the present situation. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)).

In this case, Plaintiff argues that he meets Rule 16's good cause standard because "the new Plaintiffs were all absent class members who only now seek to become named Plaintiffs because, though they were members of the putative class, they are not members of the Colorado-only class certified by the Court." (Docket No. 109 at 4). Plaintiff further argues that "[t]he new Plaintiffs cannot be faulted for waiting for denial of class certification to intervene individually." (*Id.*) Defendants argue that amendment is untimely because "Plaintiff was aware of all the facts necessary to assert these state law claims for unpaid wages. He does not identify any new facts or change in the law that demonstrates good cause to request leave to amend the complaint a second time long after the Court's deadline has passed." (Docket No. 117).

"Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240 (citation omitted). Good cause does not exist where the plaintiff knew of the underlying conduct but failed to raise corresponding claims. *Id.* "[U]ntimeliness alone is a sufficient reason to deny leave to amend . . . when the party filing the motion has no adequate explanation for the delay." *Pater v. City of Casper*,

646 F.3d 1290, 1299 (10th Cir. 2011) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir.1993)).

Applying this standard, the Court concludes that Plaintiff has not met Rule 16's good cause standard. Plaintiff's explanation for why the instant motion was filed four months after the deadline for amendment of pleadings is simply that the proposed new Plaintiffs wanted to wait until Judge Arguello ruled on the question of class certification. That is precisely why the scheduling order afforded Plaintiff the opportunity to amend within 20 days of such a decision. Instead, Plaintiff waited an additional four months to file the instant motion. Plaintiff's second argument, that counsel was retained in mid-January (Docket No. 109 at 5), does not change the Court's conclusion. Plaintiff's counsel filed the FLSA Opt-In Notices for two of the proposed new plaintiffs on November 21, 2016 (Docket No. 104). Plaintiff does not address why these two individuals waited an additional three months before seeking to become named plaintiffs in this lawsuit. In short, Plaintiff fails to sufficiently explain the delay in seeking leave to amend and, as a result, the Court concludes that he has not met the requirements of Rule 16. As discussed above, Plaintiff must satisfy both Rule 16 and Rule 15 in order to succeed on his motion. Because the Court concludes that he does not meet Rule 16's requirements, the Court need not address Rule 15's requirements.

## Recommendation

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that Plaintiffs' Motion for Leave to Amend Complaint Pursuant to Fed. R. Civ. P. 15(a) and for Tolling Pursuant to *American Pipe* (Docket No. 109) be

**DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),** the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Date: April 14, 2017          <u>s/ Michael J. Watanabe</u>
      Denver, Colorado          Michael J. Watanabe
                                             United States Magistrate Judge