# EXHIBIT 1

Civil Case No. 14-cv-01614-CMA-MJW

ALFONSO AVENDANO, *ET AL.*;

      Plaintiffs,

v.

AVERUS, INC., *ET AL.*;

      Defendants.

---

## FINAL CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT

---

    This FINAL CLASS AND COLLECTIVE ACTION SETTLEMENT AGREEMENT (the "Agreement") is entered into by and among Alfonso Avendano, Plaintiffs who have filed consents to join this lawsuit under Section 216(b) of the Fair Labor Standards Act (the "FLSA Plaintiffs" or "FLSA Class Members"), and Plaintiffs who are members of a Rule 23 class certified in the above captioned action under Colorado law (the "Rule 23 Class" or "Rule 23 Class Members") (together, the "Plaintiffs") and Averus, Inc. ("Averus") and Michael Shank (Averus and Mr. Shank shall be collectively referred to as "Defendants"). Plaintiffs and Defendants shall collectively be referred to as the "Parties." Alfonso Avendano shall be individually referred to as the "Named Plaintiff."

    **WHEREAS**, Plaintiffs have asserted claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and Colorado law based on allegations that Averus employed them but denied them wages, including overtime, for all hours worked;

    **WHEREAS**, asserting numerous defenses, Defendants denied all allegations made by Plaintiffs;

**WHEREAS**, Plaintiffs believe that they would ultimately prevail on all issues in this action but have reached what their counsel believes is a fair and reasonable settlement with Averus, taking into account the relative risks of proceeding to trial on these claims;

**WHEREAS,** Plaintiffs and their counsel have fully analyzed and evaluated their class action claims, Defendants' defenses, and this Settlement as it affects absent class members;

**WHEREAS**, Defendants maintain that they would ultimately prevail on all issues in this lawsuit but have reached what their counsel believes is a fair and reasonable settlement that will allow them to avoid prolonged and expensive litigation;

**WHEREAS**, the Parties mediated this case with Adrienne Fechter on August 15, 2017 and all Parties, expressly including the Named Plaintiff and his counsel, are satisfied that the terms of the settlement are fair, reasonable, adequate, and equitable for all; and

**WHEREAS**, the Parties desire to resolve amicably, completely, and forever all disputes between them regarding uncompensated time while working for Averus;

**NOW THEREFORE**, **IT IS STIPULATED AND AGREED** by and among the Parties to this Agreement that this controversy shall be settled and compromised, and upon the Court's preliminary approval of the terms and conditions set forth below, the Parties agree to fully execute this Agreement, as set forth below:

## I.      DEFINITIONS

- "Named Plaintiff" is Alfonso Avendano.

- The "Rule 23 Class" is all members of the Fed. R. Civ. P. 23 class certified by the Court in this case under Colorado law.

- "FLSA Plaintiffs" are all Plaintiffs that have opted in to the Fair Labor Standards Act claim in this case.

- "Class Members" are all Rule 23 Class Members and FLSA Plaintiffs.

- "Plaintiff" or "Plaintiffs" are the Named Plaintiff and all Class Members.

- Averus includes, Averus, Inc. and its past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, officers, directors, owners, insurers, employees, and their successors and assigns.

- "Defendants" are Averus, Inc. and Michael Shank.

- "Settlement Administrator" is Optime Administration, LLC, which is the Settlement Sdministrator that will be proposed by the Parties to the Court.

- "Settlement administration costs" are all of the costs of administering the settlement, including, but not limited to, the costs of transmitting opt-out and claim forms and the fees owed to the Settlement Administrator.

- "Plaintiffs' Counsel" are Alexander Hood and David Seligman of Towards Justice, 1535 High St., Denver, CO., 80218.

- "Defendants' Counsel" are Amy Miletich and Brendan Benson of Miletich PC, and Antonio Caldarone of Laner Muchin, Ltd.

- "Final Approval Order" shall mean the order of the District Court that gives final approval to this Agreement and dismisses this lawsuit with prejudice.

1. "Effective Date" is the first date after the Final Approval Order is no longer appealable, or if an appeal has been filed, the date on which an appeal is

final.  In the event of an appeal of the Final Approval Order, Defendants'

obligations under this Agreement, including making any settlement payments

or installments, shall be stayed and held in abeyance until such time that the

Final Approval Oder is upheld.  In the event that the Court does not enter a

Final Approval Order for any reason that cannot be cured by the Parties or, in

the event of an appeal, the Final Approval Order is not upheld, all matters

covered by this Agreement shall be null and void.  In such event, nothing in

this Agreement shall be used or construed by or against any Party as a

determination, admission, or concession of any issue of law or fact in this

lawsuit or in any other lawsuit.  Notwithstanding the foregoing, the Parties

agree to waive all rights to appeal the entry of Final Approval Order.  In such

a case, any funds to be awarded under this Agreement shall be returned to

Averus and the Parties shall proceed in all respects as if this Agreement had

not been executed, except that any fees already incurred in the administration

of the settlement and paid from the Settlement Fund shall not be reimbursed

by the Named Plaintiffs, Class Members, or Class Counsel.  In the event an

appeal is filed from the Court's Final Approval Order, or any other appellate

review is sought prior to the Final Approval Order, administration of the

Settlement shall be stayed pending final resolution of the appeal or other

appellate review.

## II.    SETTLEMENT PAYMENT

1. In full settlement of Plaintiffs' claims, including all claims asserted by the Named

   Plaintiff, the Rule 23 Class, and the FLSA Plaintiffs, without admitting any liability,

the Parties shall establish a Settlement Fund for the benefit of Plaintiffs ("Settlement Fund"). The Settlement Fund will be a qualified settlement fund ("QSF") created and maintained by the Settlement Administrator. The Settlement Fund shall consist of the gross amount of Six Hundred Thousand Dollars ($600,000.00), which represents: (a) payment of minimum, straight time, and overtime wages, liquidated damages, interest and other penalties sought by Plaintiffs, (b) the service payment to the Named Plaintiff as approved by the Court, (c) Plaintiffs' attorneys' fees and costs; and (d) the costs of administering the settlement. The monies that make up the Settlement Fund shall be paid by Averus.

2. Averus shall deposit monies into the Settlement Fund account designated by the Class Administrator in nine installment payments over approximately two years from the date that this Settlement Agreement is preliminarily approved by the Court. The payment schedule shall be as follows:

| **Due Date** | **Amount** |
|---|---|
| Within 35 days of the Preliminary Approval Date | $100,000.00 |
| On or before 4/1/2018 | $62,500.00 |
| On or before 7/1/2018 | $62,500.00 |
| On or before 10/1/2018 | $62,500.00 |
| On or before 1/1/2019 | $62,500.00 |
| On or before 4/1/2019 | $62,500.00 |
| On or before 7/1/2019 | $62,500.00 |
| On or before 10/1/2019 | $62,500.00 |
| On or before 1/1/2019 | $62,500.00 |

3. All payments described above shall be received by the Settlement Administrator, postmarked and placed in the mail to, or deposited by electronic transfer to the

Settlement Fund account designated by the Settlement Administrator on or before the due date. At their option, Averus may make any installment payment using a credit card, but any transaction fees associated with using a credit card shall be borne by Averus exclusive of all settlement payments. The Settlement Administrator estimates these fees to be 3.5% of each transaction plus additional transaction fee of $100 per payment.

4. If any payment is more than 10 days late, the Parties agree that interest shall accrue on the payment at the rate of 8% annual interest from the date the payment was due until the date the payment is made.

5. All payments made pursuant to this settlement to the Plaintiffs, including Rule 23 Class Members and FLSA Plaintiffs, shall be in full and final resolution of all claims and causes of action alleged in the Lawsuit, or minimum wage or overtime claims that could have been brought in the Lawsuit, against Defendants; all attorneys' fees and litigation costs and expenses; and any service awards awarded by the Court to the Named Plaintiff.

6. Apart from the Settlement Payment, Averus shall pay the employer's share of FICA and FUTA taxes, and other applicable employer tax contributions and/or wage payments to taxing entities associated with wage payments to Plaintiffs.

7. No distribution from the Settlement Fund shall be made to the Named Plaintiff, the FLSA Plaintiffs, or the Rule 23 Class until after the Effective Date. If the Settlement is ultimately not finally approved by the Court, the Settlement Administrator shall refund any monies in the Settlement Fund to Averus, less fees accrued as of that date by the Settlement Administrator.

### III.    MUTUAL RELEASES

1. **General Release and Covenant Not To Sue By The Named Plaintiff and the FLSA Plaintiffs:** The Named Plaintiff and FLSA Plaintiffs and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives hereby release and forever discharge Defendants, including their past, present, and future parents, owners, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, employees, predecessors and successors and heirs, executors, and assigns of each of the foregoing of and from all claims, causes of action, and damages, whether known or unknown, suspected or unsuspected, including but not limited to claims arising out of their employment with Averus. The Named Plaintiff and FLSA Plaintiffs also agree not to file any lawsuit, action, complaint, demand, charge, grievance or any other legal proceeding asserting claims released herein. This release will be and will remain a full and general release. The general release period for the Named Plaintiff shall be June 9, 2011 to date of preliminary approval. The beginning of the general release period for FLSA Plaintiffs is the three years preceding the date that their consent form was filed. Notwithstanding the above, the FLSA Plaintiffs release is limited to claims that they currently know or should know at the date Preliminary Approval.

2. **Limited Release And Covenant Not To Sue By Rule 23 Class Members:** Rule 23 Class Members and each of their respective agents, attorneys,

employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives hereby release and forever discharge Defendants, including their past, present, and future parents, owners, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, employees, predecessors and successors and heirs, executors, and assigns of each of the foregoing of and from all claims relating to all allegations, claims, rights, liabilities and causes of action alleged and brought or that could have been brought by Rule 23 Class Members against Defendants in the lawsuit, including all claims related to the payment of wages for the alleged work performed by Rule 23 Class Members for Averus. The Rule 23 Class Members also agree not to file any lawsuit, action, complaint, demand, charge, grievance or any other legal proceeding asserting claims released herein.  The release period for Rule 23 Class Members is from June 9, 2011 to date of preliminary approval.

3. **General Release and Covenant Not To Sue By Defendants:** Averus, Inc. and Shank hereby release and forever discharge the Named Plaintiff and FLSA Plaintiffs, including their past, present, and future parents, agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, of and from all claims that they are aware of or should be aware of as of the date of Preliminary Approval relating to work allegedly performed by the Named Plaintiff and FLSA Plaintiffs. Defendants also agree not to file any lawsuit, action, complaint, demand, charge, grievance or any other

legal proceeding against the Named Plaintiff or FLSA Plaintiffs asserting claims released in this paragraph. This release will be and will remain a full and general release.

## IV.    ALLOCATION AND DISTRIBUTION OF SETTLEMENT FUND

1. **ALLOCATION:** Subject to court authorization, the total settlement amount shall be distributed as follows:

| | |
|---|---|
| $8,000.00 | Named Plaintiff's Proposed Service Award |
| $150,000.00 | Maximum Attorney's Fees |
| $16,000.00 | Estimated Settlement Administration Costs |
| $426,000.00[1] | Net Settlement Fund, |
| **$600,000.00** | **TOTAL GROSS SETTLEMENT FUND** |

   a. **Service Award**: $8,000 of the Settlement Fund shall be earmarked for payment to the Named Plaintiff for a "Service Award" and for other consideration, subject to Court approval. Prior to the Final Fairness and Approval Hearing, Plaintiff will seek approval from the Court for the Service Award in recognition of the Named Plaintiff's service to the class in pursuing this settlement. The Named Plaintiff shall be issued an IRS Form 1099 for this amount. Any amount of the earmarked $8,000.00 not approved by the Court for the Service Award shall become part of the Settlement Fund available for distribution to Plaintiffs.

   b. **Attorneys' Fees and Costs:** Prior to the Final Fairness and Approval Hearing, Plaintiffs' counsel will apply to the Court for a fee amount not to exceed twenty-five percent (25%) of the Settlement Fund. In addition to

---

[1] Less costs.

those fee amounts, Plaintiffs' counsel will also ask the Court to order reimbursement of their reasonable out-of-pocket expenses from the Settlement Fund. Plaintiffs' counsel will be paid any fees and costs approved by the Court. Plaintiffs' counsel will be issued an IRS Form 1099 for these amounts.

c. **Settlement Administration Costs**: The Settlement Administrator shall maintain records of the settlement administration costs associated with administering this settlement and shall be payable out of the Settlement Fund. The Parties received an estimate from the Settlement Administrator and the Parties do not believe the cost of administration will exceed $16,000.00. If the settlement administration costs exceed $16,000.00, the Parties will move the Court to approve using additional monies from the Settlement Fund.

d. **Class Members:** Subject to the Court's approval in a Final Fairness and Approval Hearing, the net settlement fund shall be the Settlement Fund minus the other payments described in Section IV(1)(a)-(c) above (the "Net Settlement Fund"). Payment of the Net Settlement Fund to Plaintiffs is a full and final settlement of all claims, causes of action, and allegations raised on behalf of Plaintiffs.

2. **NET SETTLEMENT FUND DISTRIBUTION**: The Net Settlement Fund will be distributed to Plaintiffs as follows:

a. Each Plaintiff will be entitled to a proportional distribution of the Net Settlement Fund, based on the ratio of the number of weeks worked by

that Plaintiff to the total aggregate number of weeks worked for all Class Members, as "Lost Wages Damages."

b. The Parties agree that the Settlement Administrator shall have discretion to calculate weeks worked by each class member based on records available to the Named Plaintiff and Defendants. Where relevant, the Notice of Class and Collective Action Settlement (the "Notice") provided to the Class Members shall contain the Settlement Administrator's calculation of the weeks worked by that individual Class Member. Any Class Member who disagrees with the Settlement Administrator's calculation may submit a written dispute as to the number of weeks worked by providing the Settlement Administrator with clear documentary evidence of the number of weeks worked by the individual for Averus within the applicable statute of limitations, and the Settlement Administrator, in its sole and binding discretion, shall resolve any such challenge within seven (7) days after the completion of the opt-out period. Any Class Member disputing the number of weeks must submit the written dispute along with any documentary evidence no later than the close of the Notice Period.

c. Lost Wages Damages shall be paid to the Named Plaintiff, FLSA Plaintiffs and each Rule 23 Class Member who has submitted a form to the Settlement Administrator. IRS Form W-2s and IRS Form 1099s shall be issued to the Named Plaintiff, FLSA Class Members and Rule 23 Class Members who receive payments. Because some of the payments to

Plaintiffs can be attributed to non-wage consideration, including but not limited to liquidated damages, interest and/or statutory penalties, the Parties agree that 60% of each Plaintiff's portion of the Net Settlement Fund be classified as non-wage 1099 payments and 40% be classified as wage W2 payments. Each Plaintiff's portion of state and federal taxes shall be based upon a flat withholding rate of twenty-eight (28) percent. At any time during before the final installment payment, a Plaintiff may submit to the Class Administrator an IRS W-4 form. In the event a Plaintiff does so, the Class Administrator shall basis withholdings on the information contained in that IRS W-4 form.

## V. NOTICE PERIOD

1. The "Notice Period" shall be seventy-seven (77) days from the date of Preliminary Approval.

2. The Agreement shall be conditioned upon:

   a. The entry of a Final Approval Order by the Court that gives final Court approval of this Agreement, including, without limitation, the dismissal with prejudice of any claims by the Named Plaintiff, the FLSA Plaintiffs, and the Rule 23 Class) as to all claims that were pleaded or that could have been pleaded in this Lawsuit, including all class claims, as well as the general released claims provided by Named Plaintiff and FLSA Plaintiffs; and

   b. The issuance of the Final Approval Order of this Agreement, denial of any objections, the Final Approval Order being affirmed on all possible appeals, if any.

c. The Court's rejection or modification of Class Counsel's petition for attorneys' fees and costs shall not invalidate the remaining terms of this Agreement.

3. Within fourteen (14) days of the Preliminary Approval of the Settlement, the Settlement Administrator shall transmit the Court-approved Notice in English and Spanish to all Class Members via first-class mail and text message whose names are known based on information provided by the Named Plaintiff and Defendants.

4. Within twenty-one (21) days of the Preliminary Approval of the Settlement, the Settlement Administrator shall cause the Court-approved Notice to be published in Westword for two consecutive weeks.

5. If new or updated contact information for Class Members becomes known to the Settlement Administrator during the administration (*i.e.*, at any time from the date of preliminary approval to the date final checks are mailed to claimants of this settlement but after the initial transmission of Notice, the Settlement Administrator should transmit, insofar as it is relevant, the Notice form to that Class Member.

6. The form and substance of the Notice shall be approved by the Court and shall contain either on its own or along with the forms transmitted with it (a) a description of the action; (b) a description of how to make a claim; (c) the date, time, and place of the Final Approval Hearing and a description of the right to object to the settlement; (d) a statement that the settlement may have tax consequences; (e) a statement that the Parties approve of the settlement and

that Averus will not retaliate against any Plaintiff participating in the settlement; (f) a statement regarding how Class Members can promptly obtain distributions of the Net Settlement Fund; (g) an estimate of the Class Member's share of the Net Settlement Fund; and (h) where relevant, the instruction that the Class Member may question the number of weeks worked with clear documentary evidence submitted to the Settlement Administrator during the opt-out period, and that the Settlement Administrator, in its sole and binding discretion, shall resolve any such challenge within seven (7) days after the completion of the Notice Period.

7. If the mailed Notice is returned as undeliverable and the Settlement Administrator is unable to transmit the Class Notice via text message, the Class Administrator shall update the Rule 23 Class Member's address once via the USPS National Change of Address List and, if necessary, shall re-mail the Class Notice to such person. No further address checking or re-mailing shall be required or performed to transmit Class Notice.

8. Written objections must be filed no later than seventy-seven (77) days from the date of Preliminary Approval.  Any Rule 23 Class Member who fails to file a timely written objection shall be foreclosed from objecting to the settlement and being heard at the Fairness Hearing, but still shall release all claims released by the Rule 23 Class contained above. A Class Member who wishes to object must serve his or her written objection with the Court no later than end of the Notice Period. The Settlement Administrator will promptly cause all objections to be served on the Parties and filed with the Court through Plaintiffs' Counsel. Untimely objections will not be considered or heard by the Court.  The written

objection must state the specific basis for the objection and provide any support for the objection.

9. The Parties shall file a motion with the Court for preliminary approval of this Agreement and the Class Notice.

10. No later than fourteen (14) days before the Final Fairness and Approval Hearing, Plaintiffs shall petition the Court to finally approve the settlement and award attorneys' fees and approve the Service Award. At the Final Approval Hearing, the Court will consider any timely-filed objections to the settlement. The Parties have the right to respond to all objections and to submit evidence.

## VI.    PROCEDURE FOR SETTLEMENT PAYMENTS

1. Averus shall deposit the installment payments into the Settlement Fund as provided in Section II above.

2. Within seven (7) days of preliminary approval, Plaintiffs' counsel shall transmit to the Settlement Administrator a list of class members; their addresses, telephone numbers and e-mails (to the extent available); and all evidence in Plaintiffs' counsel's possession regarding the number of weeks worked by all Class Members.

3. No later than fourteen (14) days after the end of the Notice Period, the Settlement Administrator shall make calculations of payments to Class Members and Named Plaintiff by applying the formula described herein, adjusting such amounts for withholding for the Class Members' and Named Plaintiff's share of payroll taxes, and report said calculations to the Parties in a consolidated report.

4. Within thirty-five (35) days of the Effective Date or within 35 days of the Settlement Fund obtaining a balance sufficient to make all payments, whichever occurs later, the Settlement Administrator shall distribute from the Settlement Fund the Settlement Administration Costs, Plaintiffs' counsel's total attorneys' fees, costs, and expenses as approved by the Court, any Service Award payment to Named Plaintiff, and the Named Plaintiff's portion of the Net Settlement Fund. The Settlement Administrator will be instructed by the Parties when to distribute funds, to pay all claims, awards, and Settlement Administration Costs, but not attorneys' fees, costs, and expenses.

5. Plaintiffs shall have ninety (90) days from the date their check is issued to negotiate their settlement checks (the "Check Cashing Period"). Any settlement check that is not negotiated, including checks that are returned as undeliverable, shall become part of the Remainder Amount provides in Section VI, Paragraph 10below. Plaintiffs will still release claims contained above even if he/she does not negotiate a settlement check.

6. To effectively distribute such funds to as many Plaintiffs as possible, the Settlement Administrator shall use any of the following methods to contact Plaintiffs:

    A text message or phone call to each Class Member who has not obtained his funds within forty-five (45) days after checks are distributed notifying him or her of his or her right to the distribution.

7. The Net Settlement Fund shall be distributed to Class Members as described above. If, following this distribution, any funds remain in the Net Settlement Fund,

the Settlement Administrator shall use its discretion to distribute those funds as best as practicable to the Class Members pro rata in one final distribution.

8. No later than thirty-five (35) days after the Check Cashing Period closes, the Settlement Administrator shall provide to the Parties and file with the Court a final accounting and certificate of completion of the administration of the settlement.

9. In the event that the absence of a signed order by the Court on a point that requires an order of the Court delays performance of any of the above settlement administration or payment obligations by the date specified in the above schedule, then (a) upon receipt of such Court order(s), such obligation shall be performed within the same number of days following the receipt of such Court order(s) as the time interval that existed in the original schedule between the immediately preceding settlement administration or payment obligation and the next settlement administration or payment obligation to be performed, and (b) the dates for the ensuing steps of settlement administration or payment obligations in the above schedule shall be adjusted accordingly based upon the new date for performing the next step of settlement administration or payment obligation, maintaining the same intervals between steps as in the original schedule.

10. **Remainder Amounts:**  Any portion of the Net Settlement Fund that is unclaimed, including settlement checks that have not been cashed or settlement checks not distributed to Rule 23 class members who have opted-out, after the closure of the Check Cashing Period shall become part of the remainder amount ("Remainder Amount"). The Remainder Amount for Rule 23 Class Members shall donated to the following *cy pres* recipient: the United Way U.S.A.  The Claims

Administrator shall distribute the Remainder Amounts within thirty (30) days after closure of the Check Cashing Period.

## VII.    MISCELLANEOUS PROVISIONS

1. **Non-Admission:** This Agreement is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by Defendants of any (i) liability or wrongdoing to Plaintiffs, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Agreement.  Defendants specifically deny any liability or wrongdoing, and each Plaintiff agrees that he/she will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

2. **No Interference with Class Members**: Defendants and Defendants' Counsel agree that they will not solicit or advise potential class members to request exclusion from the class and will not represent, or arrange representation for, any potential class member in requesting exclusion from the potential class and/or filing a separate action.

3. Plaintiff and Plaintiffs' counsel will not encourage class members to object to or exclude himself or herself from the settlement.

4. The Named Plaintiff and FLSA Plaintiffs cannot revoke their consent to join this lawsuit, object to the settlement or otherwise opt-out of the settlement.

5. **Entire Agreement**: It is understood and agreed by the Parties that this Agreement contains the entire understanding between them. No oral understandings, statements, promises or inducements contrary to the terms of

this Agreement exist. The Agreement cannot be changed or terminated except by the written amendment to this Agreement signed by counsel for the Parties and approved by the Court.

6. **Publicity and Communications With the Class:** Class Counsel shall not issue any press release, initiate any media contacts, or publicize any information on a website or other written or electronic form of communication regarding the Settlement.  This does not prohibit the communication with Class Members for purposes of issuing the Notice, any hearing dates and the administration of the Settlement.

7. **Authorization to Enter into Agreement:** Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate the terms of this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any documents, other than this Agreement, required by this Agreement.  Class Counsel represents and warrants that they have the authority to negotiate this Agreement. Named Plaintiff represents he has authority to sign this Agreement on behalf of himself and all Class Members, including a release of claims.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

8. **Non-Assignment:** Named Plaintiff expressly promises Defendants that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against Defendants;

(b) any rights that he may have had to assert claims on his behalf or on behalf of others against the Defendants; and (c) any right he has or may have to his share of the Net Settlement Fund or a service award. Named Plaintiff promises that any monies, benefits or other consideration that he receives from Defendants are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Net Settlement Fund or service award.

9. **Taxation:** Plaintiffs each agree that he/she alone is responsible for payment of any federal, state and/or local taxes or other assessments regarding their portion of the Net Settlement Fund or, in the case of the Named Plaintiff, the service award, except for the employer's share of taxes. Each Plaintiff further agrees to indemnify Defendants from any liability against any of them by any taxing authority.

10. **Binding on Successors and Assigns:** This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of Defendants and Class Members.

11. **Counterpart Signatures:** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement shall exchange among themselves original signed counterparts.

12. **Default and Fees:** A party shall not be considered in default unless he or she is provided with written notice of the alleged default and given twenty-one (21) days from the written notice to cure. **Written notice of default must be sent to the Parties' counsel by e-mail and certified mail, return receipt requested.** In

any action necessary to enforce this Agreement, the prevailing party shall be

entitled to his or her reasonable attorney's fees from the defaulting party as

approved by the Court.


_____                    _____

Alfonso Avendano                                                     Date
For himself, the Rule 23 Class, and all FLSA Plaintiffs


_____                    _____

Joe Harvey                                                              Date
For Averus, Inc.


_____                    _____

Michael Shank                                                        Date


Approved as to form:


_____

Alexander Hood
Attorney for Alfonso Avendano, the Rule 23 Class, and all FLSA Op-Ins


_____

Antonio Caldarone
Attorney for Averus Inc. and Michael Shank